# JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 13-01625-CJC(JPRx)            Date: October 22, 2013

Title: SPOTTED BULL TRUST #29552, SOUTHLAND HOMES REAL ESTATE AND INVESTMENT AS TRUSTEE V. PAMELA STEIN, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

       Plaintiff Spotted Bull Trust #29552, Southland Homes Real Estate and Investment As Trustee ("Southland") filed this state law action for unlawful detainer against Defendants Pamela and Richard Stein in Orange County Superior Court on July 31, 2013, seeking less than $10,000 in damages. (Dkt. No. 1 [Notice of Removal], Compl. for Unlawful Detainer ["Compl."].) Southland seeks possession of the property at 29552 Spotted Bull Ln., San Juan Capistrano, California, which was sold to Southland at a Trustee's Sale on July 24, 2013. (Compl. ¶¶ 5−6.) On October 17, 2013, Ms. Stein, acting pro se, removed the action to federal court, alleging both federal question and diversity jurisdiction. (Notice of Removal.) In her Notice of Removal, Ms. Stein asserts counterclaims against Southland for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* (Notice of Removal at 2.) For the reasons discussed below, the Court, on its own motion, **REMANDS** this action to Orange County Superior Court.

       Whether subject matter jurisdiction exists may be raised by the Court sua sponte at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01625-CJC(JPRx)                                  Date: October 22, 2013
                                                                  Page 2

assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal question jurisdiction is determined under the "well-pleaded complaint rule," under which "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Thus, "[t]he rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  Here, Ms. Stein has failed to meet her burden of establishing federal question jurisdiction.  This case appears to be a straightforward action for unlawful detainer, a state law claim.  Southland does not bring a single cause of action arising under federal law, and the federal statute cited by Ms. Stein is entirely absent from Southland's Complaint.  Ms. Stein appears to invoke federal question jurisdiction by way of her counterclaim against Southland under the federal Real Estate Settlement Procedures Act, but a counterclaim cannot form the basis for federal question jurisdiction.  *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).  Because there are no federal questions on the face of Southland's well-pleaded Complaint, there is no federal question jurisdiction.

Ms. Stein also appears to invoke diversity jurisdiction.[1]  A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States."  28 U.S.C. § 1332(a)(1).  The district court has jurisdiction only if there is "complete diversity" between the parties, meaning that each plaintiff is a citizen of a different state from each defendant.  *See id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267 (1806)).  "[W]here it is unclear or ambiguous from the face of a state-court

---

[1] Although the Notice of Removal's Venue and Jurisdiction section invokes only federal question jurisdiction under 28 U.S.C. § 1331, the Notice of Removal's Prayer for Relief invokes jurisdiction under 28 U.S.C. § 1332(a) and alleges that the amount in controversy exceeds $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01625-CJC(JPRx)                      Date: October 22, 2013
                                                                               Page 3

---

complaint whether the requisite amount in controversy is pled[,] . . . [a federal court] appl[ies] a preponderance of the evidence standard. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). There is no binding precedent in the Ninth Circuit, however, as to the evidentiary standard to be applied where, as here, the complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold.[2]

       Ms. Stein has failed to satisfy either of the two basic elements of diversity jurisdiction. First, she has failed to demonstrate complete diversity of the parties. Her Notice of Removal asserts that all Defendants reside in Orange County, California and that Southland "is a corporation that is licensed to do business in the state of California or otherwise conducts business in the state of California." (Notice of Removal ¶¶ 1−4.) Nowhere does the Notice of Removal assert that Southland is a citizen of a state other than California. Further, Ms. Stein has failed to demonstrate that the amount in controversy exceeds $75,000. Southland's Complaint alleges that the amount of controversy is under $10,000, (Compl. at 1), and Ms. Stein offers no evidence to support the Notice of Removal's conclusory allegation that the amount in controversy exceeds $75,000. Thus, Ms. Stein has failed to demonstrate that the amount in controversy exceeds the jurisdictional threshold either by a preponderance of the evidence or to a legal certainty. Accordingly, this Court lacks diversity jurisdiction.

//
//
//
//

---

[2] In *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir.2007), the Ninth Circuit adopted "legal certainty" as the standard of proof in CAFA cases where a state court complaint affirmatively alleges that the amount in controversy is less than CAFA's jurisdictional minimum. In its recent decision in *Rodriguez v. AT&T Mobility Services LLC*, however, the Ninth Circuit held that *Lowdermilk* has been effectively overruled by the Supreme Court's decision in *Standard Fire Insurance Co. v. Knowles*, __ U.S. __, 133 S. Ct. 1345 (2013). 728 F.3d 975, 977 (9th Cir. 2013). *Standard Fire*'s reasoning was limited to the class action context; thus, it did not foreclose use of the legal certainty standard in cases invoking ordinary diversity jurisdiction under 28 U.S.C. § 1332(a). *See Standard Fire*, 133 S. Ct. at 1349. In any event, because the Court finds that Ms. Stein has failed to satisfy even the less demanding "preponderance of the evidence" standard, the Court need not decide which standard applies in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01625-CJC(JPRx)          Date: October 22, 2013
         Page 4

       For the foregoing reasons, the Court **REMANDS** this action to Orange County Superior Court.

jcm

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk MU